UNITED STATES

v.

Senior Airman Michelle J. BREWSTER,
United States Air Force.

ACM 36106.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 2 Sept. 2004.

26 Sept. 2006.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Captain Christopher S. Morgan.

Appellate Counsel for the United States: Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Major Jin–Hwa L. Frazier.

Before MOODY, Senior Judge, MATHEWS, and THOMPSON, Appellate Military Judges.

OPINION OF THE COURT

MATHEWS, Judge:

The appellant pled guilty to, and was convicted of, wrongful use of psilocybin and divers wrongful uses of cocaine, methamphetamine, and heroin, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. She was additionally convicted, contrary to her pleas, of conspiracy to wrongfully import oxycodone into the customs territory of the United States, in violation of Article 81, UCMJ, 10 U.S.C. § 881, wrongful importation of alprazolam, divers wrongful importations of oxycodone, divers wrongful uses of alprazolam, and wrongful possession of oxycodone, all in violation of Article 112a, UCMJ, and attempted wrongful manufacture of psilocybin, in violation of Article 80, UCMJ, 10 U.S.C. § 880. A general court-martial consisting of officer members sentenced her to a bad-conduct discharge, confinement for 13 months, forfeiture of all pay and allowances, and reduction to the grade of E–1. The convening authority approved the findings and sentence as adjudged.

The appellant does not challenge the findings of her court-martial, and we find them correct in both law and fact. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United*

*States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Instead, the appellant complains that the military judge improperly instructed the members during sentencing proceedings by stating "Military confinement facilities are corrective rather than punitive." She asks that we order a rehearing on her sentence. The government concedes the error, but asks this Court to reassess the appellant's sentence rather than order a rehearing.

■ Whether the military judge's instructions were proper is a matter of law that we review de novo. *United States v. Maxwell*, 45 M.J. 406, 424 (C.A.A.F.1996) (citing *United States v. Snow*, 82 F.3d 935, 938–39 (10th Cir.1996)). While, in light of the many counseling and rehabilitative programs offered in military confinement facilities, it would certainly be accurate to say that military confinement is corrective *as well as* punitive in nature, any suggestion that confinement is not a form of punishment is simply wrong. Article 58(a), UCMJ, 10 U.S.C. § 858(a) (confinement is an authorized form of punishment); Rule for Courts–Martial 1003(b)(7). Our superior appellate court recently concluded as much in *United States v. Holmes*, 61 M.J. 148, 149 (C.A.A.F.2005) (summary disposition). Thus, although we affirm the findings, we agree with appellate counsel for both sides that the military judge erred when instructing the members on sentence.

Having found error, we next consider what form of relief is appropriate. If we can determine that, "absent the error, the sentence would have been at least of a certain magnitude," then we "may cure the error by reassessing the sentence instead of ordering a sentence rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F.2002) (citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986)). We can make such a determination here.

■ The appellant's criminal misconduct was both extensive and prolonged. She had, at the time of her earliest offense, already served three years on active duty, and could not have failed to appreciate the criminality of her conduct. The prosecution also offered evidence during sentencing showing that, in addition to the offenses that led to her court-martial, the appellant received nonjudicial punishment and administrative corrective actions for providing alcohol to minors and bankrolling the purchase of cocaine by other military members. Despite all of this, the period of confinement imposed by the members was dramatically less than the maximum—a mere 13 months versus 72 years.

As we wrote nine years ago, addressing complaints about a substantially-identical instruction, "Court-martial members are neither children nor dullards. We doubt any were in the slightest lulled into the belief that they were sending [the] appellant away to summer camp. . . ." *United States v. Eatmon*, 47 M.J. 534, 539 (A.F.Ct.Crim.App.1997).\* *See also* Article 25, UCMJ, 10 U.S.C. § 825; *United States v. White*, 48 M.J. 251, 255 (C.A.A.F.1998) (convening authorities commended to select the "best and brightest" members of their command for court-martial duty). We remain firmly convinced of the mental acuity of court-martial members, and, on considering the entire record, find that the members would have imposed a sentence of no less than a bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to the grade of E–1. We therefore reassess the appellant's sentence accordingly. Further, we find this sentence to be appropriate for the appellant and her crimes. *United States v. Peoples*, 29 M.J. 426, 427–28 (C.M.A.1990); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982).

The findings and the sentence, as reassessed, are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *Reed*, 54 M.J. at 41. Accordingly, the findings and the sentence, as reassessed, are

AFFIRMED.

Senior Judge MOODY participated in this decision prior to his retirement.

---

\* To the extent that portions of this Court's decision in *Eatmon* may be construed as endorsing instructions like those given in the instant case, it is in error, and we hereby expressly overrule it.